Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 294 | **DATE** | 9/13/2001 |
| **CASE TITLE** | Balzanto vs. Nicholas Cuda Ltd... | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 9/20/2001 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We deny Balzanto's motion (Doc 11-1) to amend the complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 14 2001 | |
| | Notified counsel by telephone. | | date docketed | 16 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | SEP 14 2001 | |
| SCT | courtroom deputy's initials | 01 SEP 13 PM 5:50 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN M. BALZANTO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 01 C 294 |
| | ) |
| NICHOLAS CUDA, LTD. PROFIT SHARING | ) |
| PLAN, NICHOLAS CUDA. Ltd., NICHOLAS | ) |
| CUDA, and CAROL S. KETTERING, | ) |
| | ) |
| Defendants. | ) |

DOCKETED

SEP 14 2001

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Plaintiff John M. Balzanto ("Balzanto") filed a four-count ERISA action on January 16, 2001 against Defendants Nicholas Cuda, Ltd. Profit Sharing Plan, Nicholas Cuda Ltd., Nicholas Cuda and Carol Kettering. On March 22, 2001, this Court granted the oral motion to dismiss Carol Kettering because Kettering, in her role as the Plan Administrator, was not a fiduciary and thus not a suable entity. We set a close of discovery date for June 21, 2001 which was later extended to July 12, 2001. On the day discovery closed, defendants requested leave to file a motion for summary judgment. The Court set a briefing schedule with a ruling date of September 26, 2001. Two weeks later, on July 26, Balzanto filed a motion for leave to amend his complaint.



Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. Although Rule 15 contains a fairly liberal standard, amendments are allowed at this stage of the proceedings only "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Whether to grant leave to amend a pleading is a decision that rests without our broad discretion. See Jones v. Hamelman, 869 F.2d 1023, 1026 (7th Cir. 1989). The liberal standard of Rule 15 is not absolute, leaving us well within our authority to deny a motion to amend where "there has been undue delay or there would be undue prejudice to the opposing party, or when the amendment would be futile." Wade v. Hopper, 993 F.2d 1246, 1249 (7th Cir. 1993).

In light of these governing principles, we deny Balzanto's motion for two reasons: futility and undue delay. Balzanto has failed to substantiate a sound legal basis for including Kettering as a defendant. He contends that the rules of procedure do not require him to substantiate the allegations and theories he hopes to include in his amended pleading, but this belief flies in the face of settled precedent in this circuit. Balzanto need only consult his opponent's brief for the citation of a Seventh Circuit case explaining the movant's burden in articulating persuasive reasons for amending a complaint outside of the twenty-day grace period. See Glatt v. Chicago Park District, 87 F.3d 190, 194 (7th Cir. 1996). Like Balzanto, the movant in Glatt maintained that

he need not substantiate the grounds for amending his pleading, contending that substantiation came later when the pleading is challenged by a motion for summary judgment. See id. The Seventh Circuit squarely rejected this argument due to the inherent differences between original and amended complaints. See id. Because motions to amend complaints are "addressed to the discretion of the district court," they "require[] more to compel acceptance than the fact that the pleading sought to be added states a claim." Id.

Balzanto's motion fails to satisfy this standard. Balzanto articulates no plausible basis for circumventing the well-established case law excluding Plan Administrators from fiduciary liability under ERISA. See Harris Trust & Sav. Bank v. Provident Life & Accident Ins. Co., 57 F.3d 608, 613 (7th Cir. 1995) (holding that third party administrator is not a fiduciary of plan where its duties were ministerial and nondiscretionary); Pappas v. Buck Consultants, Inc., 923 F.2d 531, 535 (7th Cir. 1991) (holding that service provider who renders advice to the trustee of a benefit plan is not a fiduciary based on statements made if the service provider has no 'actual decision-making power' over the plan). Furthermore, the Service Agreement between Defendants Kettering and Cuda expressly limits Kettering's liability: "Nothing in this Contract shall be deemed to make [Kettering] a party to the Plan or to confer upon

[Kettering] any discretionary control or authority regarding management of the Plan." (Service Contract at 1.)

Against these legal tenets and express contractual language Balzanto's naked assertion that Kettering acted outside the scope of her authority are unavailing. Indeed, these assertions appear only in his brief and nowhere in his proposed amended complaint. For that reason alone we cannot accept his amended complaint. Even if the assertions did appear in his complaint, Balzanto has failed to articulate how Kettering's alleged conduct can surmount the substantial hurdles imposed by the Seventh Circuit upon plan administrator liability. Thus, the attempt to include Kettering as a defendant is futile.

Undue delay furnishes a second appropriate ground for our refusal to grant leave to amend the complaint to include Kettering as a defendant. At the center of Balzanto's proposed complaint is alleged "instances where Ms. Kettering went beyond the scope of her duties under the Service Contract and offered unauthorized financial and Plan related advice to plaintiff upon which he relied." (Pl.'s Reply Brf. at 3.) As the recipient of these statements, Balzanto was aware of them at the time they were made. His counsel received a copy of the Service Contract on March 22, 2001, and soon thereafter received another copy propounded through discovery. Thereafter counsel and client had ample opportunity to compare Balzanto's version of events to

the scope of Kettering's duties outlined in her contract. Bringing this claim nearly four months later was tardy.

Also futile is Balzanto's request to include two additional counts in the amended complaint. Among Count V's shortcomings is its failure to articulate a legal authority or basis for relief. Count VI too is faulty as it simply rewords Count II. Moreover, both counts are untimely. For these reasons we deny Balzanto's motion to amend the complaint.

_____
Charles P. Kocoras
United States District Judge

Dated: _____September 13, 2001_____